UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AETNA PHARMACY MANAGEMENT, et al.,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-05073-DGE<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR APRIL 5, 2024 |

This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis* (IFP) in regard to his amended proposed complaint. Dkts. 2, 6. This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). After careful consideration of the proposed amended complaint, the Court recommends that Plaintiff's IFP application be DENIED and this case be dismissed for failure to state a claim.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION - 1

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. Subject Matter Jurisdiction

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this issue to

the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh,* 546 U.S. 500 at 514. "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also, Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires").

Plaintiff indicates that this Court has diversity jurisdiction over his claim. Dkt. 6 at 3. In order to establish diversity jurisdiction, Plaintiff must show that there is a diversity of citizenship (i.e., each party is from a different state) *plus* more than $75,000 in controversy. Plaintiff indicates that he is from Washington and Defendant Aetna Pharmacy Management is incorporated in Connecticut. While Plaintiff has established that each party is from a different state, he has not shown that there is more than $75,000 in controversy. Rather, he states he is owed $1.55 co-pay. Thus, Plaintiff has not established that this Court has jurisdiction over his claim.

B.  Failure to State a Claim

Even if Plaintiff's complaint met the requirements for subject matter jurisdiction in this Court, he fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P.

8(a). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Here, Plaintiff has not provided sufficient facts to support a claim for relief and has not explained the cognizable legal theory behind his allegations. The factual basis for Plaintiff's claims is not entirely clear, but he summarily states only that he was charged a co-pay for a prescription and he should not have been. Plaintiff does not assert specific facts that would potentially provide a legal basis for his claim.

C.  Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In this case, Plaintiff has already filed an amended complaint and has failed to articulate any cognizable legal claims against defendants. *See* Dkts. 2, 6. Due to the lack of subject matter jurisdiction, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court should deny leave to amend the complaint.

CONCLUSION

For the reasons discussed above, the Court recommends that Plaintiff's motion to proceed IFP be denied and this matter be dismissed without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 5, 2024 as noted in the caption.

Dated this 19th day of March, 2024.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge